UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

KERRY L. BENTIVOLIO                  Chapter 7
                                              Case No. 15-42543-TJT
       Debtor.                            Hon. Thomas J. Tucker
_____/

STUART A. GOLD, Trustee,

       Plaintiff,

vs.                                                    Adversary Proceeding
                                                  No.
WRIGHT PATMAN CONGRESSIONAL
FEDERAL CREDIT UNION,

       Defendant.
_____/

**COMPLAINT**

       Stuart A. Gold, the Chapter 7 Trustee for the bankruptcy estate of Kerry L. Bentivolio, by his attorneys, Gold, Lange & Majoros, P.C., for his Complaint states:

Jurisdiction

       1.        This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 547(b), 502(d) & 550(a) and Fed. R. Bankr. P. 7001 to avoid and recover preferential transfers, and for claim disallowance.

       2.        This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(F) & 1334.

Facts

3. On February 23, 2015, Kerry L. Bentivolio ("debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Stuart A. Gold is the duly appointed Trustee of the debtor's Chapter 7 bankruptcy estate.

5. Wright Patman Congressional Federal Credit Union ("Defendant") is a federal credit union regulated by the National Credit Union Administration with headquarters located at 10461 White Granite Dr., Suite 102, Oakton, Virginia 22124.

6. Defendant was a creditor of the debtor due to personal loans made by Defendant to debtor.

7. The debtor's Wright Patman Congressional Federal Credit Union statements show that the debtor made the following payments to the Defendant for his personal loans 2 and 3:

| Date of Payment | Amount Paid |
| --- | --- |
| November 26, 2014 | $ 3,082.84 |
| December 2, 2014 | $ 5,435.30 |
| December 2, 2014 | $ 8.67 |
| December 31, 2014 | $ 1,551.73 |
| December 31, 2014 | $ 3,904.51 |
| Total: | $13,983.05 |

("the transfers").

## COUNT I

### Preference

8. Plaintiff restates the allegations contained in paragraphs 1 through 7 and incorporates them herein by reference.

9. The transfers were made within ninety (90) days immediately preceding the filing of the petition by the debtor on February 23, 2015.

10. The transfers were made to the Defendant on account of antecedent debts owed by the debtor to the Defendant.

11. The debtor was insolvent when the transfers were made to the Defendant.

12. The transfers enabled the Defendant to receive more than the Defendant would have received had the transfers not been made and had the Defendant instead received payment of its debt under the provisions of Chapter 7 of the Bankruptcy Code.

13. The transfers constitute preferences under Section 11 U.S.C. § 547(b), which may be avoided and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550(a).

## COUNT II

### Claim Disallowance

14. Plaintiff restates the allegations contained in paragraphs 1 through 13 and incorporates them herein by reference.

15. 11 U.S.C. § 502(d) provides that unless an entity or transferee receiving a preferential payment avoidable under 11 U.S.C. § 547 has paid the amount for which such entity or transferee is liable under 11 U.S.C. § 550, any claim of such entity or transferee shall be disallowed.

16. Defendant has not paid or surrendered to the Trustee the preferential payments referenced above and, therefore, any claims it has against the estate, including claim number 6 filed by Defendant on June 8, 2015, should be disallowed.

WHEREFORE, the Trustee requests that this Court enter a money judgment against Defendant for the value of the transfers in the amount of $13,983.05 and disallow any claim of Defendant.

Respectfully submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: August 20, 2015   By:   /s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
soconnor@glmpc.com
(P70984)

H:\SAG TRUSTEE CASES\Bentivolio, Kerry\Gold v. Wright Patman\Complaint.pks.wpd